## 38179. SHELTON *v.* FIREMAN'S FUND INDEMNITY COMPANY *et al.*

GARDNER, Presiding Judge. In this workmen's compensation case, Homer W. Shelton filed a claim alleging injuries arising out of and within the scope of his employment with Bostrom Brady Manufacturing Company. The coverage for workmen's compensation was carried by Fireman's Fund Indemnity Company. The claimant requested a hearing before the State Board of Workmen's Compensation to determine a change in condition and extent of disability. The hearing director rendered an award denying compensation. On appeal to the full board for review, the award denying compensation was adopted. The claimant then appealed to the Superior Court of Fulton County. The claimant's appeal was denied, thus affirming the award of the full board. It is to this judgment that the case is here for review.

The evidence shows substantially that the claimant sustained an injury to his foot on June 26, 1957; that the claimant was paid compensation for temporary total disability commencing July 5, 1957, and terminating August 1, 1957, when the claimant returned to work at the same wage after a final settlement receipt was issued. The claimant alleges that he sustained an injury to his back approximately four months prior to the time of the foot injury but that he lost no time because of the back injury and no claim was filed. The record does not disclose that any claim was filed for the back injury which was treated by Dr. L. N. Turk in April, 1957. The record also shows that the claimant was laid off along with other employees because of lack of availability of work. The claimant contends that several people were laid off because a son-in-law of an official was hired and he "wrecked the whole business, laid off everybody."

It appears that Dr. Sandison filed a medical opinion that the claimant injured his left hip thirty-five years ago and that the X-ray showed a very massive large head of the femur, doubled in size, with almost complete obstruction of the hip joint. Dr. Sandison went on to say that it is difficult to evaluate the claimant's disability, chiefly on account of the claimant's age (70 years), and because of the presence of arthritis.

From this record it appears to us that there is no competent evidence upon which to base the claim here depicted. The

claimant was paid for the foot injury and the evidence as to the back injury is too obscure to be a basis for recovery under the Workmen's Compensation Act of this State.

The Superior Court of Fulton County did not err in affirming the findings of fact and award of the full board of the State Board of Workmen's Compensation based on the findings of fact and award of the single director.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

DECIDED APRIL 5, 1960.

*Johnston & Bell, Otis C. Bell,* for plaintiff in error.
*Smith, Field, Ringel, Martin & Carr, Charles L. Drew,* contra.